UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roda Aden, on behalf of H.A., a minor,    Civ. No. 12-1781 (PAM/AJB)

Plaintiff,

v.    **MEMORANDUM AND ORDER**

Carolyn W. Colvin, Commissioner
of Social Security,

Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated July 22, 2013. In the R&R, Magistrate Judge Boylan recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court declines to adopt the R&R and remands the matter to the ALJ for further proceedings.

**BACKGROUND**

Plaintiff Roda Aden alleges that her daughter, H.S.A.,[1] qualifies for Supplemental Security Income benefits ("SSI") because she has suffered from asthma since her birth on

---

[1] In a different case, Plaintiff seeks SSI benefits for another of her children, also with the initials H.A. Aden v. Colvin, 12cv1782 (PAM/AJB). The Magistrate Judge referred to the minor child in that case as "H.A." to avoid confusion.

May 15, 2002. The Social Security Administration denied her application for benefits on June 4, 2009, and subsequently denied her request for reconsideration. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). This hearing was held on November 12, 2010. On December 7, 2010, the ALJ issued a decision unfavorable to Plaintiff, concluding that H.S.A., although suffering from severe impairments due to asthma, allergies, and obesity, does not meet or equal a listed impairment and therefore is not disabled. (Docket No. 12-2 (ALJ Order) at 16-17.) The ALJ specifically determined that H.S.A. did not meet 29 C.F.R. Pt. 404, Subpt. P, App. 1, sec 103.03(C)(2), because she was not prescribed "corticosteriods [for] more than 5 days per month for at least 3 months." (Id. at 17.) The Appeals Council denied her request for a hearing, and Plaintiff then initiated the instant matter with this Court, seeking review of the ALJ's decision under 42 U.S.C. § 405(g).

The Magistrate Judge issued an R&R, recommending summary judgment in favor of the Commissioner of Social Security.[2] The R&R notes that the ALJ made insufficient findings with respect to H.S.A.'s short-course corticosteroid treatments, but concludes that remand is not necessary because the record establishes that H.S.A. does not meet or equal a listed impairment. Plaintiff objects to this aspect of the R&R.

---

[2] At the outset of this case the Commissioner was Michael J. Astrue. On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security.

**DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

Plaintiff raises one objection to the R&R's findings. She contends that the R&R erred in determining that, although H.S.A meets the initial listing stage for asthma, she does not meet the second listing stage because she was not prescribed "[s]hort courses of corticosteriods that average more than 5 days per month for at least 3 months during a 12-month period." (R&R at 9.) Plaintiff notes, and the record shows, that H.S.A. was prescribed 5-day courses of corticosteroid for her severe impairments (asthma and allergies) in July 2008, October 2008, and May 2009. (Tr. at 97, 217, and 223.) She contends that the ALJ and the Magistrate Judge erred by failing to assess whether H.S.A suffers from a combination of impairments which medically equal the listing. The Government's response does not address the merits of Plaintiff's objection.

A child whose impairment does not precisely match a listed impairment may nonetheless be found disabled if his impairment is "medically equivalent" to a listed impairment. 20 C.F.R. § 416.926(a).

> There are two situations in which medical equivalence may be found. First, a child who has an impairment described in the listings but who satisfies neither the required medical findings nor the required severity level of a listed impairment may be found disabled nonetheless if there are other medical findings related to the impairment that are at least of equal significance. Second, a child applicant who has an impairment that is not described in the listings or who has a combination of impairments, no one of which meets or is medically equivalent to a listing, may be found disabled if the medical findings related to the impairments are at least of equal medical significance to those of a closely analogous listed impairment.

Sanchez v. Barnhart, 03-C-537-C, 2005 WL 752220, at *1 (W.D. Wis. Mar. 30, 2005) (citing 20 C.F.R. §§ 416.926(a)(1)(i) and (a)(2)).

As noted, the ALJ did not address whether H.S.A suffers from an impairment or combination of impairments which medically equal the listing. Because H.S.A. was prescribed "[s]hort courses of corticosteriods that average more than 5 days per month for at least 3 months during a 12-month period," the Court finds that an analysis of medical equivalence is necessary to any disability determination.[3] The paper record is plainly insufficient in this regard, and this is something for the ALJ to examine and determine in the first instance.

---

[3] The R&R concludes that remand is not required because doctors prescribed short course corticosteroids for allergies, rather than asthma, on three relevant occasions. (R&R at 10.) Even if true, however, the ALJ failed to analyze whether this particular combination of impairments meets the medical equivalence standard. Absent such a determination, the Court is unable to conclude that H.S.A. is not entitled to SSI benefits.

4

Thus, a remand to the ALJ is required in this case. See 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). On rehearing, the ALJ should specifically inquire as to whether H.S.A. suffers from an impairment or combination of impairments which medically equal the asthma listing.

**CONCLUSION**

Substantial evidence in the record before the Court does not support the Commissioner's decision to deny benefits, nor is there substantial evidence that Plaintiff is entitled to benefits. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Summary Judgment (Docket No. 18) is **DENIED**;

2. Plaintiff's Motion for Summary Judgment (Docket No. 13) is **DENIED**; and

3. This matter is **REMANDED** for rehearing before the ALJ under sentence four of 42 U.S.C. § 405(g).

Dated: August 28, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge