UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roda Aden, on behalf of H.A., a minor, | Civ. No. 12-1781 (PAM/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Plaintiff's Motion for Attorney's Fees (ECF No. 28). Plaintiff Roda Aden seeks attorney's fees in the amount of $5,476 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). As set forth below, the Court recommends that Plaintiff's motion be granted in part and denied in part.

**I.     Background**

Plaintiff commenced this action on behalf of her daughter for Supplemental Security Income benefits. In a Report and Recommendation dated July, 22, 2013, the magistrate judge assigned to this case at that time recommended that Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. (R&R at 11, July 22, 2013, ECF No. 22.) Plaintiff objected to the Report and Recommendation on August 5, 2013. (ECF No. 24.) On August 28, 2013, the Honorable Paul A. Magnuson, United States District Judge, declined to adopt the Report and Recommendation, denied both parties' summary judgment motions, and remanded the case to the administrative law judge for rehearing. (Order at 5, Aug. 28, 2013, ECF No. 26.) Judgment was entered soon thereafter. (J., Aug. 30, 2013, ECF No. 27.)

Plaintiff now moves for attorney's fees in the amount of $5,476. (Appl. Att'y Fees at 2, Oct. 28, 2013, ECF No. 28.) This amount represents 29.6 hours of work at a rate of $185 an hour. (*Id.*) Plaintiff asks that the fee award be made payable directly to her attorney and her attorney's employer, Mid-Minnesota Legal Aid. (Pl.'s Aff. ¶ 3, Feb. 12, 2014, ECF No. 36.) Plaintiff's counsel filed a declaration in support of the application, describing her time spent working on the case. (Smart Decl. ¶ 9, Ex. A, Oct. 28, 2013, ECF No. 30.) Defendant has no objection to the requested fee award. (Def.'s Resp. at 1, Dec. 12, 2013, ECF No. 34.)

**II.   Discussion**

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees unless the government's position was substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff bears the initial burden to establish that she is a prevailing party. *See Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). The burden then shifts to the government to demonstrate that its position was "substantially justified." *Id.*

The Court first analyzes whether Plaintiff is a prevailing party. Judge Magnuson remanded the matter for rehearing, pursuant to sentence four of 42 U.S.C. § 405(g). A sentence-four remand makes a plaintiff a "prevailing party" under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993); *Johnson v. Astrue*, Civ. No. 10-4676 (RHK/AJB), 2012 WL 1593225, at *1 (D. Minn. May 7, 2012). Moreover, Defendant does not challenge Plaintiff's status as a prevailing party. Accordingly, Plaintiff has satisfied her burden.

The Court next examines whether the position of the government was substantially justified. A position is substantially justified if "the denial had a reasonable basis in law and fact." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). In the context of motions for EAJA

fees, courts have found that the Commissioner's position is not substantially justified when the record is not developed fully. *See, e.g.*, *Dini v. Astrue*, Civ. No. 08-5852 (DSD/JJG), 2010 WL 153681, at *2 (D. Minn. Jan. 11, 2010). Here, Judge Magnuson remanded because "an analysis of medical equivalence is necessary to any disability determination" and "[t]he paper record is plainly insufficient in this regard." (Order at 4.) Defendant does not assert that the government's position was substantially justified. Based on the relevant law, because the record was not fully developed, Defendant's position was not substantially justified.

The Court next turns to the amount of fees requested by Plaintiff. Fees awarded under the EAJA must be reasonable and necessary. *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted). Plaintiff asks for an award of fees calculated by a rate of $185 an hour.[1] Ordinarily, attorney fees may not exceed the rate "of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Defendant does not oppose the hourly rate of $185, and the Court finds the rate reasonable due to an increase in the cost of living since the statutory rate was established. *See Thielke v. Colvin*, Civ. No. 11-3538 (SRN/LIB), 2013 WL 4501472, at *4 (D. Minn. Aug. 22, 2013) (approving $184.32 hourly rate). As for the number of hours, Defendant has not challenged the amount of time, and after reviewing the time summary submitted by Plaintiff's counsel, the Court finds the number of hours reasonable and necessary.

An EAJA fee is awarded to the prevailing party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) ("The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute

---

[1] Plaintiff sometimes refers to the hourly fee as $185, while other times as $164. The Court determines the references to $164 are clerical errors based on the frequency that $185 was used, and because $185 is used to calculate the total award request of $5,476.

3

'awards' the fees directly to the attorney."). Moreover, the fee award is subject to an offset if the party owes any federal debt. *Id.* at 594. Here, it is not known if Plaintiff has any outstanding federal debt, and the Court recommends that the government be allowed sixty days to determine whether she does. *See Thielke*, 2013 WL 4501472, at *4.

As for Plaintiff's assignment of fee award to her attorney, there is a split of authority in the District of Minnesota over whether such assignments should be honored. *See McGrath v. Astrue*, Civ. No. 10-4192 (ADM/SER), 2012 WL 4898276, at *4-5 (D. Minn. Oct. 1, 2012) (recognizing prevailing party's right to assign fee award to attorney), *adopted by* 2012 WL 4903288 (D. Minn. Oct. 16, 2012); *Ording v. Colvin*, Civ. No. 11-2296 (MJD/LIB), 2013 WL 2139498, at *5 (D. Minn. Apr. 29, 2013) (same), *adopted by* 2013 WL 2139497 (D. Minn. May 15, 2013); *Dornbusch v. Astrue*, Civ. No. 09-1734 (PJS/JJG), 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011) (same); *see also Mathews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011) ("[T]o ignore the assignment and order the fee paid to [the plaintiff] would just create a potential collection problem for the lawyer."). *But see Nelson ex rel. M.K.N.B. v. Astrue*, No. 10-4001 (JNE/TNL), 2011 WL 6987176, at *4 (D. Minn. Dec. 23, 2011) (finding assignment of fees a contract issue between plaintiff and her counsel and ordering payment remitted to plaintiff), *adopted by* 2012 WL 87291 (D. Minn. Jan 11, 2012); *Kirchner v. Astrue*, Civ. No. 10-3263 (PAM/LIB), 2011 WL 6122321, at *1 (D. Minn. Dec. 8, 2011) (concluding that assignment violated the plain language of the EAJA that the "court *shall* award to a prevailing party . . . .") (emphasis in *Kirchner*).

The District Judge assigned to this case was faced with the question of whether to pay the fee award to a plaintiff or her counsel, in light of an assignment of all rights to the award from the plaintiff to her attorney, in *Kirchner*. 2011 WL 6122321, at *1. Judge Magnuson determined

that the "court *shall* award [attorney's fees] to the prevailing party" and not to the prevailing party's counsel. *Id.* Therefore, the Court recommends here that the fee award be made payable to Plaintiff. It is then up to Plaintiff to follow through with any contractual obligations to her attorney.

**III.    Recommendation**

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Attorney's Fees (ECF No. 28) be **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff be awarded $5,476 in attorney's fees;

3. The government be granted sixty days to determine if the fee award is subject to an offset; and

4. Judgment be entered accordingly.


Dated: June 6, 2014                              s/ *Jeanne J. Graham*
                                                 JEANNE J. GRAHAM
                                                 United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 17, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.