UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roda Aden, on behalf of H.A., a minor,       Case No.: 0:12-cv-01781-PAM-JJG

Plaintiff,

v.      **ORDER**

Carolyn W. Colvin, Acting Commissioner
of Social Security,

Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham filed June 2, 2014. The R&R recommends that Plaintiff be awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and that the fee award be paid directly to Plaintiff instead of to her attorney. On June 16, 2014, Plaintiff filed an objection to the R&R's recommendation to pay the fee award directly to her, insisting that the Court give effect to her assignment of the fee award to her attorney. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court overrules Plaintiff's objection and adopts the R&R.

The Equal Access to Justice Act states that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against

the United States in any court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). Because "the term prevailing party in fee statutes is a term of art that refers to the prevailing litigant," fees awarded under the Act must be paid directly to the prevailing litigant and not to the litigant's attorney. Astrue v. Ratliff, 560 U.S. 586, 593 (2010) ("The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney."). The fee award also is offset by any debt the litigant owes the United States. Id. at 594.

Despite these clear statutory requirements, Plaintiff argues that the fee award may be paid directly to her attorney for she assigned her interest in the award to the attorney (see Aden Aff. (Docket No. 36) ¶ 3). On two prior occasions, however, the Court has considered and rejected that argument. See Kirchner v. Astrue, No. 10-cv-3263-PAM-LIB, 2011 WL 6122321, at *1 (D. Minn. Dec. 8, 2011); Vossen v. Astrue, No. 07-cv-1567-PAM-LIB, 2011 WL 1322099, at *1 (D. Minn. Apr. 7, 2011). The Court did so because honoring the assignment would violate the plain language of the Act, which mandates without exception that "a court *shall* award to a prevailing party" fees under the Act. 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For the same reason, the fee award here must be paid directly to Plaintiff (after which Plaintiff must perform any contractual obligations to her attorney). The Court thus overrules Plaintiff's objection.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 39) is **ADOPTED**;

2. Plaintiff's Motion for Attorney Fees (Docket No. 28) is **GRANTED IN PART** and **DENIED IN PART**;

3. Plaintiff is awarded $5,476 in attorney's fees;

4. The government is allowed 60 days from the date of this Order to determine if the fee award is subject to an offset for outstanding federal debt; and

5. Defendant shall pay the fee award, less any applicable offset, directly to Plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 18, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge